Anna Hsia (SBN 234179)
ZWILLGEN LAW LLP
235 Montgomery Street, Suite 425
San Francisco, CA 94104
Telephone: (415) 590-2335
Facsimile:  (415) 636-5965
anna@zwillgen.com

Attorneys for Defendant
**HYTTO LTD., D/B/A LOVENSE**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| S.D., <br><br> Plaintiff, <br><br> v. <br><br> HYTTO LTD., D/B/A LOVENSE, <br><br> Defendant. | Case No. 4:18-cv-00688-jsw <br><br> Assigned to the Honorable Jeffrey S. White <br><br> **AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br>    **(1) Violation of the Federal Wiretap Act, 18 U.S.C. § 2510** <br>    **(2) Intrusion Upon Seclusion; and** <br>    **(3) Unjust Enrichment.** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Hytto Ltd. D/B/A Lovense ("Defendant"), by and through its undersigned attorneys, hereby answers the First Amended Class Action Complaint and Demand for Jury Trial, dated: August 23, 2018 (the "FAC"), as follows:

## NATURE OF THE ACTION

1. Defendant admits that it makes and sells sex toys, including one called "Lush," and that it previously offered a mobile application called "Body Chat" that was available to download to users' smartphones in the Apple App or Google Play stores. Defendant further admits that, when paired with a compatible toy, Body Chat could be used to remotely control the toy's settings and that users could use Body Chat with partners if they chose. Defendant denies the remaining allegations in this paragraph.

2. Denied.

3. Denied.

4. Defendant admits that Plaintiff brought a lawsuit against Defendant and that such lawsuit purports to be on behalf of Plaintiff and others similarly situated and seeks, among other things, the relief identified in this paragraph.

## PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

6. Defendant admits the first sentence of this paragraph. With respect to the second sentence, Defendant admits that individuals in the United States can purchase its products, including individuals in Georgia, including in this District.

## JURISDICTION AND VENUE

7. The allegations contained in this paragraph state legal conclusions to which no response is required.

8. The allegations contained in this paragraph state legal conclusions to which no response is required.

9. The allegations contained in this paragraph state legal conclusions to which no response is required.

## INTRADISTRICT ASSIGNMENT

10. The allegations contained in this paragraph state legal conclusions to which no response is required.

## COMMON FACTUAL ALLEGATIONS

*A Brief Overview of Lovense and Body Chat*

11. Defendant admits that it introduced the Lovense Lush in 2015 and that users that downloaded Body Chat to their smartphone could choose to use the App to remotely control the Lush.

12. Defendant admits that it operates the website www.lovense.com and that consumers can purchase Defendant's products on that website. Defendant further admits that users can create accounts on its website and that to do so they provide their email address and agree to Defendant's Terms of Use and Privacy Policy. Defendant denies the remaining allegations in this paragraph.

13. Denied as to the first sentence of this paragraph. Admitted as to the remainder of the paragraph.

14. With respect to the first sentence, Defendant admits that it offers an affiliate program which allows individuals to promote Defendant's products and earn commissions, which can be paid in various ways, including via PayPal. With respect to the second sentence, Defendant admits that it provides affiliates with referral links and advertising materials that affiliates can use to create their own advertisements. Defendant denies the remaining allegations contained in this paragraph.

15. Defendant admits the allegations contained in the first and third sentences of this paragraph. With respect to the second sentence, Defendant admits that affiliates can cash out their commissions in a number of ways, including by using PayPal.

16. Defendant admits that it ships products to consumers in the United States. Defendant further admits that its website states that Defendant can ship products from within the United

1  States and that such products will reach consumers typically in 2-3 business days and that the
2  shipping amount provided on the website is in United States dollars.  Defendant denies the
3  remaining allegations in this paragraph.

4      17.   Defendant admits that the minimum threshold cash-out amount listed on the "Pending
5  Referrals" tab is given in United States dollars, including when the website's language settings are
6  changed to non-English languages and that the "My Account" platform remains in English when
7  the website's language is set to certain non-English languages. Defendant denies the remaining
8  allegations in this paragraph.

9      18.   Defendant admits that its advertisements reach United States consumers, and that certain
10 customer testimonials on its website are from United States citizens.

11     19.   With respect to the first sentence of this paragraph, Defendant admits that its products can
12 be shipped to consumers from warehouses located in the United States but denies that it has any
13 contractual relationship with such warehouses expressly calling for Defendant's products to be
14 stored there. With respect to the second sentence of this paragraph, Defendant admits that brick
15 and mortar stores within the United States, including stores located in California, sell Defendant's
16 products.

17     20.   Denied.

18     21.   Defendant admits that it, at one point, utilized Indiegogo's crowd-funding platform and
19 directs the Court to Indiegogo's Terms and Conditions cited in the paragraph for a complete and
20 accurate statement of their contents.

21     22.   Defendant admits that it has Facebook and Twitter accounts and directs the Court to those
22 entities' Terms of Service cited in the paragraph for a complete and accurate statement of their
23 contents.

24     23.   Defendant admits that its Twitter account responded to questions posed by users, including
25 those whose stated location is the United States, and that it has promotional "giveaways," and that
26 users whose stated location is the United States have participated in and won such "giveaways."
27 Defendant denies the remaining allegations in this paragraph.

28

24.  Defendant admits that it uses PayPal, Inc to process payments in the United States and directs the Court to PayPal's terms cited in the paragraph for a full and complete statement of their contents. Defendant denies the remaining allegations in this paragraph.

25. Defendant admits that its apps are available in the Apple App Store and refers the Court to the Apple Developer Guidelines cited in the paragraph for a complete statement of their contents.

26.  Defendant admits that its apps are available in the Google Play Store and refers the Court to the Google Developer Distribution Agreement cited in the paragraphs or a complete statement of its contents. Defendant denies the remaining allegations contained in this paragraph.

27.  Denied.

28.  Denied.

29. Defendant admits that users who chose to download the Body Chat App could pair the App with a compatible Lovense product using a Bluetooth connection, and then use the App with the product, including to control vibration intensities.  Defendant denies the remaining allegations in this paragraph.

30. With respect to the first sentence of this paragraph, Defendant admits that users who chose to download the Body Chat App could pair the App with a compatible Lovense product using a Bluetooth connection, and then use the App with the product, and that two individuals with the Body Chat App can use the app to communicate.   With respect to the second sentence of this paragraph, Defendant admits that two users who have downloaded the Body Chat App could use the App to exchange text messages and engage in video chat, and that one partner could select the vibration settings that are ultimately used by the toy.  Defendant denies the remaining allegations in this paragraph.

31. Defendant denies the allegations in this paragraph other than the existence of the quoted language on Defendant's website at the time the Amended Complaint was filed, to which Defendant directs the Court for a complete and accurate statement of its contents.

32. Defendant denies the allegations in this paragraph other than the existence of the quoted language on Defendant's website at the time the Amended Complaint was filed, to which Defendant directs the Court for a complete and accurate statement of its contents.

33. Defendant denies the allegations in this paragraph other than the existence of the quoted language on Defendant's website at the time the Amended Complaint was filed, to which Defendant directs the Court for a complete and accurate statement of its contents.

34. Denied.

*Defendant Designed Body Chat to Secretly Collect Intimate Usage Data and Communications*

35. Defendant denies the allegations in this paragraph except that Defendant admits that it offers the Body Chat App, and that users could use the Body Chat App with partners with the App's "Long Distance Control" feature.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

**FACTS SPECIFIC TO PLAINTIFF S.D.**

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44. Defendant lacks knowledge or information sufficient for form a belief as to the truth of the allegations in this paragraph.

45. Denied

46. Denied.

47. Denied.

48. Denied.

49. Denied except for that Defendant lacks information sufficient to form a belief as to under what circumstances Plaintiff would or would not have purchased her Lovense Lush.

## CLASS ALLEGATIONS

50. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to bring this lawsuit as a class action on behalf of the class described in this paragraph but denies this action meets class certification requirements.

51. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies this action meets class certification requirements.

52. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies this action meets class certification requirements

53. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies this action meets class certification requirements.

54. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendant denies this action meets class certification requirements.

55. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies this action meets class certification requirements.

# FIRST CAUSE OF ACTION
### Violation of the Federal Wiretap Act
### 18 U.S.C. §§ 2510, *et seq*.
### (On Behalf of Plaintiff and the App Class)

56. Defendant incorporates its responses to the foregoing paragraphs as if fully set forth herein.

57. The allegations contained in this paragraph state legal conclusions to which no response is required.

58. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

59. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

60. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

61. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

# SECOND CAUSE OF ACTION
### Intrusion upon Seclusion
### (On behalf of Plaintiff and the App Class)

62. Defendant incorporates its response to the foregoing paragraphs as if fully set forth herein.

63. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

64. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

65. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

66. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

67. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent any response is required, Defendant denies them.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (On behalf of Plaintiff and the Purchaser Class)

68. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

69. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

70. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

71. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

72. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

73. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

74. No response is required to the allegations in this paragraph because the Court dismissed the Unjust Enrichment claim in this action. *See* Dkt. 44.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional affirmative defenses when and if, in the course of its investigation, discovery or preparation for trial it becomes appropriate to assert such affirmative defenses.  In asserting these defenses, Defendant does not assume the burden of proof for any issue that would otherwise rest on Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Defendant was either a party to the communication allegedly intercepted or there was no second party to the communication. *See* 18 U.S.C. § 2511(d).

### SECOND AFFIRMATIVE DEFENSE

Any interception that occurred was done in the ordinary course of Defendant's business. *See* 18 U.S.C. § 2510(5)(a).

### THIRD AFFIRMATIVE DEFENSE

Awarding Plaintiff and/or others alleged to be members of the putative class the relief sought in the Complaint would violate Defendant's rights to due process of law under the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and/or others alleged to be members of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and/or others alleged to be members of the putative class consented to any collection of the complained of information.

### PRAYER FOR RELIEF

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's claims, enter judgment in Defendant's favor and against Plaintiff on his Amended Complaint and such other relief as this Court deems just and proper, including:

A.  Denial of class certification;

B.  dismissal of Plaintiff's claims with prejudice;

C.  denial of all relief requested by Plaintiff; and

D.  all other relief to which Defendant might be entitled at law or equity.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 23, 2019 | **ZWILLGEN LAW LLP** |
| 3 | | |
| 4 | | By: /s/ Anna Hsia |
| | | Anna Hsia (SBN 234179) |
| 5 | | anna@zwillgen.com |
| | | Jeffrey Landis (admitted *Pro Hac Vice*) |
| 6 | | jeff@zwillgen.com |
| 7 | | **Attorneys for Defendant** |
| | | Hytto Ltd., d/b/a Lovense |